Katherine J. **BERNSTEIN**, Plaintiff,

v.

**GERBER MOVING & STORAGE, INC. and Jenkins Music Co., Defendants.**

No. Civ.A. 96–2474–GTV.

United States District Court, D. Kansas.

Dec. 9, 1997.

---

Frank B. W. McCollum, E. John Edwards, III, Holman, McCollum & Hansen, P.C., Kansas City, MO, for Plaintiff.

Henry F. Sonday, Thomas M. Sutherland, Holbrook, Heaven & Fay, P.A., Kansas City, KS, Jeffrey S. Southard, Heilbron, Powell & Berra, Kansas City, MO, Alan R. Clever, Teresa A. Woody, Spencer, Fane, Britt & Browne, Kansas City, MO, Jerome V. Bales, Eric A. Van Bebber, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Defendants.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff brings this action to recover damages for the loss of her Bosendorfer grand piano. The case is before the court on plaintiff's motion for summary judgment (Doc. 64). For the reasons set forth below, plaintiff's motion is denied as to the issue of liability and granted as to the issue of ownership of the piano.

### I. Summary Judgment Standards

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court's proper inquiry is whether there is a need for a trial; in other words, whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See id.* The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden that the party will face at trial on the particular claim. *See id.* at 254, 106 S.Ct. at 2513.

### II. Factual Background

In June 1992, plaintiff's then-husband, John Andre, arranged for delivery of plaintiff's Bosendorfer piano to be delivered to defendant Gerber Moving & Storage, Inc.'s ("Gerber") warehouse at 1711 Central Ave-

nue in Kansas City, Kansas. Gerber denies the existence of any such arrangement. On July 28, 1992, plaintiff's piano was delivered to Gerber at its warehouse where it was accepted and signed for by Judge A. Harris, Jr., a Jenkins Music Company ("Jenkins") employee. Defendant Jenkins leased storage space at Gerber's warehouse. Because of the arrangement between Gerber and Jenkins, delivery trucks occasionally arrived with pianos for both Gerber and Jenkins. When plaintiff's piano was delivered to the warehouse, it was accompanied by a delivery ticket and a Straight Bill of Lading. Both documents indicated that the piano was to be delivered to "Gerber Moving & Storage."

Harris testified in his deposition that, as part of his employment at Jenkins, he routinely accepted delivery of merchandise for both Jenkins and Gerber at Gerber's warehouse. Harris also testified that he and another Jenkins employee assembled the piano in question and placed it in a section of the warehouse reserved for Gerber merchandise. In contrast, Bill Gerber, Vice–President of Gerber Moving and Storage, Inc., stated in an affidavit that: (1) Harris was not authorized to act on behalf of Gerber; (2) Harris never notified Gerber of the delivery of piano at issue; and (3) the area where Harris allegedly stored the piano was reserved for Jenkins merchandise.

Beginning in 1994, plaintiff's husband made repeated demands for the return of the piano. Neither defendant returned the piano or claimed any knowledge that might explain its disappearance. This lawsuit followed.

### III. Discussion

■ This is a diversity case in which the court is required to apply the substantive law of Kansas. Under Kansas law, a "bailment" is the delivery of personal property from one person to another for a specific purpose, with an express or implied contract that when the purpose has been fulfilled, the property will be returned. *M. Bruenger & Co., Inc. v. Dodge City Truck Stop, Inc.*, 234 Kan. 682, 675 P.2d 864 (1984). "Where bailed property is damaged while in the possession of a bailee as the result of the bailee's negligence, the bailor has a choice of remedies." *Nolan v. Auto Transporters*, 226 Kan. 176, 183, 597 P.2d 614 (1979). She "may elect to affirm the contract, waive the tort, and bring [her] action in contract; or [she] may abandon the contract and proceed against the bailee in an action in tort based upon the bailee's negligence." *Id.* Plaintiff's first amended complaint and motion for summary judgment present the court with claims sounding in both tort and contract against the defendants. Because plaintiff has neglected to choose between tort and contract as her theory of recovery, the court will address both claims against each defendant.

Plaintiff alleges that she entered into a bailment contract with both defendants and that both defendants failed to return the piano upon request. She further claims that she has made out a prima facie case against defendants for negligence and that defendants are unable to bear their respective burdens to show that the loss of the piano was due to causes other than lack of due care on their part. Plaintiff contends that summary judgment should be granted in her favor as to both defendants. In response, defendants argue that summary judgment should be denied because there exists material issue of fact with respect to the actual owner of the piano and Harris' status as an agent for either or both of the defendants.

Plaintiff's claims under tort and contract share common ground. Each is based on the assumption that a valid bailment contract existed between plaintiff and one or both of the defendants. If Harris had no authority to act as either defendants' agent, no contract was formed between the parties and defendants had no duty to safeguard plaintiff's piano upon delivery. The court finds that genuine issues of material fact exist as to both defendants' bailee status. Accordingly, summary judgment is inappropriate under either theory of recovery.

■ Plaintiff correctly contends that a bailment may be created by the acts of a defendant's agent. Liability will attach in this case if plaintiff is able to establish that when Harris accepted delivery of plaintiff's piano, he was acting as an agent of either or both defendants. An agent derives his power to act for the principal from actual or

apparent authority. *In re Tax Appeal of Scholastic Book Clubs, Inc.*, 260 Kan. 528, 535, 920 P.2d 947 (1996). Plaintiff argues that Harris had actual authority to act as Jenkins' agent and apparent authority to act as an agent for Gerber. Therefore, plaintiff contends that summary judgment should be granted under a bailment theory because Harris had the authority to bind both defendants to an enforceable bailment contract.

■ The court finds that there exists a genuine issue of material fact as to whether Harris was acting as Jenkins' agent when he unloaded plaintiff's piano addressed to "Gerber Moving & Storage." The genuine issue of fact is created by the following controverted assertions: (1) the piano was to be delivered to Gerber at Gerber's warehouse (disputed by Gerber); (2) Harris may have accepted the piano on behalf of Gerber (disputed by Gerber); and (3) there is evidence that the piano was placed in a section of the warehouse reserved for Gerber merchandise (disputed by Gerber). These assertions give rise to an inference that Harris had apparent authority to act as Gerber's agent and did not have the authority to bind Jenkins to an enforceable bailment contract when he accepted delivery of plaintiff's piano.

Although the facts raise an inference that Harris had apparent authority to act as Gerber's agent, the court finds that there remains a genuine issue of fact as to whether Harris had apparent authority to act as an agent for Gerber when he accepted plaintiff's piano. Plaintiff alleges that Harris had accepted pianos for Gerber in the past and that Gerber did not complain about this arrangement. It is uncontested that Harris was Jenkins' employee when he unloaded plaintiff's piano. Gerber offers the affidavit testimony of Bill Gerber stating that Harris had no authority to accept plaintiff's piano on behalf of Gerber and that, upon acceptance, Harris never informed Gerber that the piano had arrived.

■ Defendants also argue that summary judgment should be denied because there exists a material fact as to whether plaintiff actually owns the piano in question. Defendants claim that the piano in question was purchased by checks issued by Amrita Audio, Inc. ("Amrita".) Amrita is a company owned by plaintiff's former husband, John Andre. The checks were signed by Andre, not by plaintiff. Further, defendants contend plaintiff does not own the piano because the invoice for the piano states that it was sold to Amrita and because various correspondences concerning the piano were written on Amrita letterhead and signed by Andre.

Plaintiff has satisfactorily rebutted defendants' contentions. In plaintiff's deposition, she states that she used the Amrita account for her personal expenditures and that the acts of making the bill of sale to Amrita and writing checks from the Amrita account were done out of convenience. She further testified that she and her husband agreed that the piano was to remain her sole property throughout the marriage. Plaintiff has also provided the court with a copy of her divorce decree specifically listing the Bosendorfer piano as plaintiff's non-marital personal property. The decree was entered by the Circuit Court of Clay County, Missouri. Accordingly, the court grants summary judgment to plaintiff on the issue of the piano's ownership.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for summary judgment (Doc. 64) is denied as to the issue of liability and granted as to the issue of ownership of the piano.

The clerk shall mail copies of this order to counsel of record for the parties.

**IT IS SO ORDERED.**